IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIMA ALI, | CASE NO. 1:11-cv-02115-LJO-SKO |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO DISMISS** (Doc. 6) |
| vs. | |
| CAPITAL ONE, | |
| Defendant. | |

**INTRODUCTION**

This action arises from the alleged inaccurate reporting of a delinquent credit card account issued by defendant, Capital One Bank (USA), N.A. ("defendant") to plaintiff, Karima Ali ("plaintiff"). Plaintiff, appearing in propria persona, alleges that defendant wrongfully reported that she was delinquent on her account and owed in excess of $11,000. She alleges violations of the Fair Credit Reporting Act ("FCRA") and a defamation claim. Defendant seeks to dismiss all counts of the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below this Court GRANTS defendant's motion to dismiss all counts of the complaint.

/ / /

/ / /

**BACKGROUND**

**Facts**[1]

Plaintiff alleges that on or about October of 2011, she applied for a credit card and was rejected because of negative information on her credit report. (Docket #1, p. 12). Upon examining her credit report, plaintiff learned that defendant reported that she was delinquent on a credit card issued by defendant and that she owed in excess of $11,000. (Docket #1, p. 12). Plaintiff previously had a credit card issued by defendant but had closed the account and was never late with her payments. (Docket #1, p. 12). Plaintiff disputed the allegedly inaccurate report with the consumer reporting agencies and defendant. (Docket #1, p. 12). Plaintiff also requested defendant to investigate the matter which defendant failed to do and continued to report the negative information. (Docket #1, p. 12). Plaintiff alleges that defendant knew the reported information was false and that defendant's acts were willful and malicious. (Docket #1, p. 15). Plaintiff further alleges that defendant's false reporting has had a negative impact on her ability to obtain credit. (Docket #1, p. 12).

**Procedural History**

On November 22, 2011, plaintiff, proceeding in propria persona, commenced the instant action in Fresno County Superior Court. (Docket #1, p.11). Plaintiff alleged five claims for relief: (1) failure to investigate the disputed information, in violation of the FCRA; (2) failure to follow reasonable procedures to ensure the accuracy of the reported information, in violation of the FCRA; (3) failure to follow reasonable procedures to ensure the accuracy of the reported information which resulted in a loss of opportunity, in violation of the FCRA; (4) defamation; and (5) the negligent and willful failure to reinvestigate the disputed entries, in violation of the FCRA.

On December 22, 2011, defendant removed the action to this Court. (Docket #1). On December 29, 2011, defendant filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). (Docket #6). Plaintiff opposed the motion (Docket #7) and defendant filed a reply (Docket #8). This Court VACATES the February 2, 2012, hearing or oral argument, pursuant to Local Rule 230(g). Having considered the parties' arguments and the relevant law, this Court issues this order.

---

[1] The background facts are derived from the complaint. This Court accepts the factual allegations in the complaint as true for purposes of this motion. *See Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

**DISCUSSION**

**I. Motion to Dismiss for Failure to State a Claim Standard**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to

3

1 plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

With these standards in mind, this Court turns to defendant's challenges to the allegations in plaintiff's complaint.

**II. Defendant's Challenges to the Allegations in the Complaint**

**A. First Cause of Action**

Defendant contends that this Court should dismiss plaintiff's claim that defendant failed to investigate the disputed information, in violation of 15 U.S.C. § 1691o(a) of the FCRA because the statute does not exist.

The FCRA is codified in 15 U.S.C. § 1681, *et seq*. ("section 1681"). 15 U.S.C. § 1691, *et seq*. is the Equal Credit Opportunity Act and does not contain a subsection "o(a)." Accordingly, plaintiff has failed to state a claim under the FCRA. Plaintiff's clarification in her opposition that her "failure to investigate" argument is brought pursuant to 15 U.S.C. § 1681o(a), which is part of the FCRA, is unavailing, as it is the complaint that must contain a "cognizable legal theory." *Balisteri*, 901 F.2d at 699 (a Rule 12(b)(6) dismissal is proper where there is a "lack of a cognizable legal theory"). Additionally, Plaintiff's attempt in her opposition to enlarge her first cause of action to include the allegations that defendant failed to follow reasonable procedures to ensure the accuracy of her credit information and published false and incorrect statements, is unavailing, as these allegations are repetitious of plaintiff's second and fourth causes of action and are analyzed below.

This Court GRANTS defendant's motion to dismiss the first cause of action with leave to amend.

**B. Second Cause of Action**

Defendant asserts that plaintiff's second cause of action, that defendant violated the FCRA by failing to follow reasonable procedures to ensure the accuracy of the information it furnished to

4

consumer reporting agencies, should be dismissed because the alleged wrongful acts do not constitute a violation of the FCRA.

Furnishers of information are subject to two distinct duties under the FCRA.[2] *Rieger v. American Exp. Co.*, 2011 WL 5080188, *2 (N.D. Cal. Oct. 25, 2011). First, under 15 U.S.C. § 1681s-2(a), furnishers have a duty to provide accurate information. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153-54 (9th Cir. 2009). It is well-settled however, that there is no private right of action for violations of section 1681s-2(a). *See* 15 U.S.C. § 1681s-2(c) (stating that section 1681o, which confers a private right of action for the willful or negligent noncompliance with the FCRA, does "not apply to any violation of . . . subsection (a) of . . . section [1681s-2]"); *see also Gorman*, 584 F.3d at 1154 ("Duties imposed on furnishers under [15 U.S.C. § 1681s-2(a)] are enforceable only by federal or state agencies."). Second, under 15 U.S.C. § 1681s-2(b), furnishers have a duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency. *Gorman*, 584 F.3d at 1154. However, the duty to investigate is triggered "only after the furnisher receives notice of dispute from a [consumer reporting agency]." *Id.*; *Matracia v. JP Morgan Chase Bank, NA*, 2011 WL 5374776, *3 (E.D. Cal. Nov. 4, 2011).

Plaintiff alleges that defendant violated the FCRA by, "fail[ing] to follow reasonable procedures to assure the maximum possible accuracy of information in the plaintiff [sic] consumer report." (Docket #1, p. 14). Plaintiff fails to allege the subsection of the FCRA that defendant allegedly violated, let alone facts to show that defendant failed to follow reasonable procedures. To the extent that plaintiff alleges a violation of 15 U.S.C. § 1681s-2(a) for failing to provide accurate information, there is no private right of action for violations of this section. *See Gorman*, 584 F.3d at 1154. To the extent that plaintiff alleges a violation of 15 U.S.C. § 1681s-2(b) for failing to investigate disputed information upon receipt of notice of dispute from a consumer reporting agency, plaintiff has failed to allege that defendant received notice from a consumer reporting agency or what procedures defendant failed to follow. Accordingly, the second cause of action fails to state a claim under the FCRA.

---

[2] The FCRA does not define the term "furnisher of information." However, a plain reading of the statute suggests that the term refers to a person who provides information about a consumer to any consumer reporting agency. *See* 15 U.S.C. § 1681s-2; *Gonzalez v. Ocwen Financial Services, Inc.*, No. C03-04592, 2003 WL 23939563, at *2 n.5 (N.D. Cal. Dec. 2, 2003). Defendant concedes that in this instance "Capital One is a furnisher of information." (Docket #6, p. 4).

5

This Court GRANTS defendant's motion to dismiss the second cause of action with leave to amend.

### C. Third Cause of Action

In plaintiff's third cause of action, which she labels "Loss of Opportunity," plaintiff alleges that defendant wilfully failed to follow reasonable procedures to ensure the accuracy of the information in her consumer report and as a result, plaintiff was unable to obtain a credit card. (Docket #1, p. 14). Plaintiff also alleges that she is entitled to punitive damages pursuant to 15 U.S.C. § 1681n. (Docket #1, p. 14). Defendant contends that plaintiff's third cause of action should be dismissed because it is not a valid claim but rather a theory used to determine damages.

15 U.S.C. § 1681n imposes civil liability on any person who wilfully fails to comply with the requirements of the FCRA with respect to any consumer and allows that consumer to recover punitive damages as the Court may allow. *See* 15 U.S.C. § 1681n(a)(2). Plaintiff requests punitive damages pursuant to 15 U.S.C. § 1681n, but fails to allege what section of the FCRA defendant wilfully violated. To the extent that plaintiff bases her request for punitive damages on 15 U.S.C. § 1681s-2, which outlines the responsibilities of furnishers of information to consumer reporting agencies, this appears to be a repeat of plaintiff's second cause of action which this Court dismissed for the reasons discussed above. Accordingly, plaintiff has failed to state a claim under the FCRA in count three of her complaint.

This Court GRANTS defendant's motion to dismiss plaintiff's third cause of action with leave to amend.

### D. Fourth Cause of Action

In plaintiff's fourth cause of action she alleges a defamation claim based on the allegation that defendant reported to consumer reporting agencies that she was delinquent on her account and had an outstanding balance, knowing that the information was false. She further alleges that defendant's acts were done with malice. Defendant maintains that this claim should be dismissed because it is preempted by the FCRA. This Court agrees.

As a general rule, the FCRA does not preempt any state law. 15 U.S.C. § 1681t(a); *Gorman*, 584 F.3d at 1166. However, there are several exceptions to the general rule, including the regulation of the responsibilities of those who furnish information to consumer reporting agencies. 15 U.S.C. §

6

1681t(b)(1)(F) provides:

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply . . . with respect to section 1785.25(a) of the California Civil Code . . .[3]

Plaintiff's defamation claim is based on the allegation that defendant furnished inaccurate information to consumer reporting agencies knowing that the information was false. Because her claim is based on the furnishment of information to a consumer reporting agency, her claim is completely preempted by the FCRA. *See Buraye v. Equifax*, 625 F. Supp. 2d 894, 900 (C.D. Cal. 2008) (holding that the plain language of "section 1681t(b)(1)(F) clearly eliminated all state cause of action against furnishers of information") (internal quotation marks and citations omitted); *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005) ("On its face, the FCRA precludes all state statutory or common law causes of action that would impose any requirement or prohibition on the furnishers of credit information"); *see also Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*, 536 F. Supp. 2d 1207, 1215 (E.D. Cal. 2008) (holding that FCRA preempted plaintiff's cause of action for defamation).

This Court acknowledges that there is an apparent tension between two preemption provisions in the FCRA that relate to defamation claims. In *Gorman*, the Ninth Circuit recognized that "[a]lthough § 1681t(b)(1)(F) appears to preempt all state law claims based on a creditor's responsibilities under § 1681s-2, § 1681h(e) suggests that defamation claims can proceed against creditors as long as the plaintiff alleges falsity and malice." *Gorman*, 584 F.3d at 1166. The Ninth Circuit further acknowledged that "[a]ttempting to reconcile the two sections has left district courts in disarray," *id.*, but concluded that it need not decide the issue, *id.* at 1167. This Court acknowledges the apparent tension, but follows its previous reasoning in holding that 15 U.S.C. § 1681t(b)(1)(F) preempts defamation claims based on allegations that a furnisher of information provided false or inaccurate information to a consumer reporting agency. *Johnson*, 536 F. Supp. 2d at 1214-15 (holding that the FCRA preempted plaintiff's defamation claim based on allegations that a furnisher of information reported inaccurate information

---

[3] While there is an exception to this rule for enforcement of Cal. Civ. Code § 1785.25(a), *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 888 (9th Cir. 2010) (recognizing "that the private right of action to enforce California Civil Code section 1785.25(a) is not preempted by the FCRA") (internal quotation marks and citations omitted), plaintiff has not alleged a violation of that statute.

to a consumer reporting agency because 15 U.S.C. § 1681h(e) was inapplicable under the facts presented). Because plaintiff's defamation claim is completely preempted by the FCRA, "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (holding that the district court abused its discretion when it dismissed claims with prejudice without first determining whether the allegation of other facts could possibly cure the deficiencies).

This Court GRANTS defendant's motion to dismiss plaintiff's fourth cause of action without leave to amend.

**E. Fifth Cause of Action**

In plaintiff's fifth cause of action she alleges, "[c]ivil liability for negligent noncompliance[,] negligent and willful failure to reinvestigate the disputed entries in violation of . . . 15 U.S.C. §§ 1681i(a), 1681n, 1681o." (Docket #1, p. 15). Defendant argues that this claim should be dismissed because plaintiff has failed to allege the basis of defendant's duty and no duty exists as a matter of law.

"15 U.S.C. § 1681n and 15 U.S.C. § 1681o impose civil liability on any person who wilfully or negligently fails to comply with the requirements of the FCRA." *White v. E-Loan, Inc.*, 409 F. Supp. 2d 1183, 1184 (N.D. Cal. 2006). 15 U.S.C. § 1681i(a) "describes the procedure that a [consumer reporting agency] must follow during a reinvestigation of disputed information." *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 n.1 (C.D. Cal. 2000). Defendant is a furnisher of information and not a consumer reporting agency. Accordingly, defendant was not required to follow the procedures outlined in 15 U.S.C. § 1681i(a). Thus, plaintiff cannot impose civil liability, pursuant to 15 U.S.C. §§ 1681n and 1681o, on defendant for the failure to comply with 15 U.S.C. § 1681i(a). Because defendant was not required to follow the procedures outlined in 15 U.S.C. § 1681i(a), "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distributing Co.*, 806 F.2d at 1401 (holding that the district court abused its discretion when it dismissed claims with prejudice without first determining whether the allegation of other facts could possibly cure the deficiencies).

This Court GRANTS defendant's motion to dismiss the fifth cause of action without leave to amend.

8

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. VACATES the February 2, 2012, hearing or oral argument, pursuant to Local Rule 230(g);
2. GRANTS defendant's motion to dismiss plaintiff's first, second, and third causes of action with leave to amend; and
3. GRANTS defendant's motion to dismiss plaintiff's fourth and fifth causes of action without leave to amend.

Plaintiff shall have one opportunity to amend her complaint. Any such amended complaint is due within thirty (30) days of electronic service of this order. This Court is beyond busy. Amend only if the facts as alleged exist, and the law cited herein is followed.

IT IS SO ORDERED.

| | | |
|---|---|---|
| 1 | **Dated:   January 27, 2012** | /s/ Lawrence J. O'Neill |
| | | UNITED STATES DISTRICT JUDGE |