IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIMA ALI,<br><br>  Plaintiff,<br>  vs.<br>CAPITAL ONE,<br>  Defendant.<br>_____/ | CASE NO. CV F 11-2115-LJO-SKO<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT** (Doc. 6) |

## Introduction

This action arises from the alleged inaccurate reporting of a delinquent credit card account issued by defendant Capital One Bank (USA), N.A. ("Capital One") to plaintiff Karima Ali ("Ms. Ali"). Ms. Ali, appearing in propria persona, alleges that Capital One erroneously reported that she was delinquent on an account she never owned and owed in excess of $11,000. Ms. Ali further alleges that Capital One failed to investigate the issue when she disputed the claim and published false statements to third parties on her credit report. Based on these allegations, she asserts a violation of the Fair Credit Reporting Act ("FCRA") and a defamation claim. Capital One moves to dismiss Ms. Ali's amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Although Ms. Ali failed to oppose this motion, this Court reviews whether Capital One's motion is supported on the merits. Having considered Capital One's arguments, the record, and applicable case law, and for the following reasons, this Court GRANTS in part and DENIES in part Capital One's motion to dismiss the amended complaint.

**BACKGROUND**

**Facts**[1]

Ms. Ali asserts two causes of action against Capital One. The first cause of action is a general violation of the FCRA. This claim is based on the following facts:

Ms. Ali alleges that upon examining her credit report, she learned that Capital One reported that she was delinquent on a credit card and that she owed in excess of $11,000. Ms. Ali disputed the inaccurate report with all three consumer reporting agencies and Capital One by mail and email. Ms. Ali informed the credit reporting agencies and Capital One that she never opened the account in question and that the account could be the result of identity theft. Ms. Ali claims that although she followed all of the FCRA procedures and requirements, and that she and the credit reporting agencies provided Capital One with more than sufficient information to cause Capital One to investigate her claim. Notwithstanding her requests and a duty to investigate, Capital One refused to conduct an investigation. Ms. Ali alleges that Capital One acted willfully, intentionally, recklessly and/or negligently in failing to investigate the allegations or to review its own files regarding Ms. Ali's credit report. As a result of its failure to investigate, Capital One failed to delete inaccurate information, neglected to replace inaccurate information with accurate information, and/or reinserted inaccurate information into Ms. Ali's credit report without complying with the FCRA.

Ms. Ali asserts a second cause of action against Capital One for defamation. Ms. Ali alleges that the publication of the false information on her credit report, which was published to third parties, caused her harm.

Ms. Ali claims that she has suffered the following injuries as a result of Capital One's actions: (1) paying higher interest rates; (2) being denied credit lines; (3) monetary loss; (4) damage to past, present, and future creditworthiness; and (5) past, present, and future mental anguish.

**Procedural History**

Ms. Ali initiated this action against Capital One on November 22, 2011 in Fresno County Superior Court. In her original complaint, Ms. Ali asserted five claims: (1) failure to investigate the

---

[1] The background facts are derived from the complaint. This Court accepts the factual allegations in the complaint as true for purposes of this motion. *See Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

1  disputed information, in violation of the FCRA; (2) failure to follow reasonable procedures to ensure
2  the accuracy of the reported information, in violation of the FCRA; (3) failure to follow reasonable
3  procedures to ensure the accuracy of the reported information which resulted in a loss of opportunity,
4  in violation of the FCRA; (4) defamation; and (5) the negligent and willful failure to reinvestigate the
5  disputed entries, in violation of the FCRA.

6      Capital One removed this action to this Court on December 22, 2011.  On December 29, 2011,
7  Capital One moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  After that motion was
8  briefed fully, this Court issued a January 27, 2012 order ("Order on Motion to Dismiss").  In its Order
9  on Motion to Dismiss, this Court granted Capital One's motion to dismiss Ms. Ali's first through third
10 causes of action with leave to amend.  This Court granted Capital One's motion to dismiss Ms. Ali's
11 fourth through sixth causes of action without leave to amend.  This Court further admonished Ms. Ali
12 that she has have "one opportunity to amend her complaint." *Id*. at 9.

13     Ms. Ali filed an amended complaint on February 29, 2012.  Capital One moved to dismiss it on
14 March 19, 2012.  Ms. Ali failed to oppose the motion.  Capital One erroneously filed a "statement of
15 non-opposition," notifying the Court that Ms. Ali failed to oppose the motion.

16     Having considered Capital One's arguments, the amended complaint, the record, and the
17 applicable legal authority, this Court finds this motion suitable for a decision without a hearing.
18 Accordingly, this Courts vacates the April 19, 2012 hearing pursuant to Local Rules 230(c) and (g), and
19 issues the following order.

20                             **STANDARD OF REVIEW**

21     A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the
22 allegations set forth in the complaint.   A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is
23 either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable
24 legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a
25 motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the
26 complaint, construes the pleading in the light most favorable to the party opposing the motion, and
27 resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir.
28 2008).

1    To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

With these standards in mind, this Court turns to defendant's challenges to the allegations in Ms. Ali's amended complaint.

///

## DISCUSSION

### FCRA Claim

Ms. Ali's first cause of action, entitled "Violation of the Fair Credit Reporting Act," includes multiple FCRA statutes and allegations.  Capital One argues that Ms. Ali's first cause of action for an FCRA violation must be dismissed because this Court dismissed this cause of action without leave to amend in its Order on Motion to Dismiss.  Moreover, Capital One asserts that Ms. Ali's amended complaint is insufficient factually to state an FCRA claim.

To the extent that Ms. Ali's claim relies on an alleged violation of 15 U.S.C. §1681s-2(a) or 15 U.S.C. §1681i(a)(2), Capital One correctly points out that this Court previously dismissed these claims.[2]  In this Court's Order on Motion to Dismiss, this Court recognized while furnishers of information have a duty to provide accurate information pursuant to 5 U.S.C. § 1681s-2(a), there is no private right of action for violations of section 1681s-2(a).  As to 15 U.S.C. §1681i(a), this Court dismissed this claim with prejudice, because this statute describes the procedure that a consumer reporting agency must follow during a reinvestigation of disputed information.  Because Capital One is a furnisher of information, and not a consumer reporting agency, it was not required to follow the procedures outlined in 15 U.S.C. § 1681i(a).  For these reasons, Ms. Ali's amended complaint fails to state a claim to the extent she relies on  15 U.S.C. §1681s-2(a) or 15 U.S.C. §1681i(a)(2).  Accordingly, her first cause of action is dismissed with prejudice to the extent that she relies on these statutes.

Ms. Ali further asserts a claim pursuant to 15 U.S.C. §§ 1681s-2(b), 1681n, and 1681o. 15 U.S.C. §§ 1681s-2(b) requires furnishers have a duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency. "15 U.S.C. § 1681n and 15 U.S.C. § 1681o impose civil liability on any person who wilfully or negligently fails to comply with the requirements of the FCRA." *White v. E-Loan, Inc.*, 409 F. Supp. 2d 1183, 1184 (N.D. Cal. 2006).  Thus, if Ms. Ali has stated a claim pursuant to 15 U.S.C. 1681s-2(b), then she may impose civil liability on Capital One for the violation of that statute pursuant to 15 U.S.C. §§1681n and 1681o.

---

[2] Capital One erroneously maintains that this Court dismissed all of Ms. Ali's asserted claims with prejudice.  Of the claims now asserted in Ms. Ali's amended complaint, this Court only dismissed with prejudice a claim pursuant 15 U.S.C. §1681i(a)(2).

15 U.S.C. §1681s-2(b) requires Capital One to investigate a claim once it has received notice of a dispute from a consumer reporting agency. The duty to investigate is triggered only after the furnisher receives notice of dispute from a consumer reporting agency. Order on Motion to Dismiss at 5 (internal citations and quotations omitted). As set forth above, Ms. Ali has a private right of action if Capital One violates this statute.

Ms. Ali has alleged sufficiently a violation of the FCRA, specifically 15 U.S.C. §1681s-2(b). Capital One erroneously asserts that Ms. Ali failed to allege any facts related to this claim.[3] To the contrary, Ms. Ali alleges that she "directly notified the CRAs of a dispute concerning the completeness and/or accuracy of the Capital One account as reported to the CRAs. CRAs followed the requirements of the FCRA and gave proper and timely notice of these disputes to Capital One." Amended Complaint, 2:21-22. Despite this notice, Ms. Ali alleges that Capital One failed to investigate. Amended Complaint, 2:6-10, 2:23-25; 3:7-8. Based on these allegations, Ms. Ali sufficiently states a claim for violation of the FCRA, which she may enforce through 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

### Defamation Claim

In Ms. Ali's second cause of action, she alleges a defamation claim based on her allegation that Capital One reported to consumer reporting agencies that she was delinquent on her account and had an outstanding balance, knowing that the information was false, cause that information to be published to third parties, and caused her harm. This Court previously dismissed this defamation claim with prejudice, because the FCRA preempts defamation claims. *See Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*, 536 F. Supp. 2d 1207, 1215 (E.D. Cal. 2008) (holding that FCRA preempted plaintiff's cause of action for defamation). For the reasons explained in this Court's Order on Motion to Dismiss, this Court again dismissed Ms. Ali's defamation claim with prejudice.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS in part Capital One's motion to dismiss Ms. Ali first cause of action to the

---

[3] The misrepresentation of both fact and law by Capital One is troubling. This Court ADMONISHES Capital One that further misrepresentations of this nature shall result in an order to show cause why sanctions should not be imposed for violation of Fed. R. Civ. P. 11.

1       extent that she asserts a violation of 15 U.S.C. §1681s-2(a) or 15 U.S.C. §1681i(a)(2);

2. DENIES in part Capital One's motion to dismiss Ms. Ali's first cause of action to the extent that she states a claim pursuant to 15 U.S.C. §1681s-2(b), 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

3. GRANTS Capital One's motion to dismiss Ms. Ali's second defamation cause of action with prejudice; and

4. ORDERS Capital One to file and serve an answer to Ms. Ali's complaint no later than April 30, 2012.

IT IS SO ORDERED.

**Dated:   April 10, 2012**                    /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE