IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIMA ALI,<br><br>            Plaintiff,<br>  vs.<br>CAPITAL ONE,<br><br>            Defendant.<br>_____/ | CASE NO. CV F 11-2115-SKO<br><br>**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION** (Doc. 15)<br><br>**ORDER AMENDING APRIL 11, 2012 ORDER** |

**INTRODUCTION**

Defendant Capitol One moves this Court to reconsider this Court's Order on Defendant's Motion to Dismiss Amended Complaint (Doc. 13) ("Order on MTD") and requested this Court to issue an amended order. Capitol One argues that two of this Court's footnotes should be deleted pursuant to Fed. R. Civ. P. 60, because the content of those footnotes were based on a mistake of this Court. Capitol One also moves this Court to strike two references in the Court's Order on MTD that sets forth an alleged sum of money. For the following reasons, this Court GRANTS in part and DENIES in part the Order on MTD. Accordingly, this Court AMENDS the Order on MTD pursuant to this order.

**BACKGROUND**

This action arises from the alleged inaccurate reporting of a delinquent credit card account issued by defendant Capital One Bank (USA), N.A. ("Capital One") to plaintiff Karima Ali ("Ms. Ali"). Ms. Ali, appearing in propria persona, alleges that Capital One erroneously reported that she was delinquent

on an account she never owned Ms. Ali further alleges that Capital One failed to investigate the issue when she disputed the claim and published false statements to third parties on her credit report. Based on these allegations, she filed a complaint alleging two causes of action under the Fair Credit Reporting Act ("FCRA"), a "loss of opportunity" cause of action, defamation and negligence. This Court dismissed the complaint with leave to amend. In her first amended complaint ("FAC"), Ms. Ali asserted a violation of FCRA and a defamation claim.

Capital One moved to dismiss Ms. Ali's FAC for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Although Ms. Ali failed to oppose this motion, this Court granted in part and denied in part Capital One's motion to dismiss the amended complaint.

In the Order on MTD, this Court pointed out: "To the extent that Ms. Ali's claim relies on an alleged violation of 15 U.S.C. §1681s-2(a) or 15 U.S.C. §1681i(a)(2), Capital One correctly points out that this Court previously dismissed these claims." At the end of this sentence, the Court included the following footnote:

> Capital One erroneously maintains that this court dismissed all of Ms. Ali's asserted claims with prejudice. Of the claims now asserted in Ms. Ali's amended complaint, this court only dismissed with prejudice a claim pursuant to 15 U.S.C. §1681i(a)(2).

Order on MTD, p.5 n.2 ("footnote 2"). This Court went on to explain that although Ms. Ali's claims pursuant to those statutes are precluded as a matter of law, she may pursue a cause of action against Capital One pursuant to 15 U.S.C. §§1681s-2(b), 1681n, and 1681o. In finding that Ms. Ali alleged sufficiently a violation of FCRA pursuant to 15 U.S.C. §1681s-2(b), which she may enforce through 15 U.S.C. §§1681n and 1561o, this Court also noted:

> The misrepresentation of both fact and law by Capital One is troubling. This Court ADMONISHES Capital One that further misrepresentations of this nature shall result in an order to show cause why sanctions not be imposed for violation of Fed. R. Civ. P. 11.

Order on MTD, p. 6 n.3 ("footnote 3").

Through this motion, Capital One moves to amend the Order on MTD to delete footnote 2 and footnote 3. Capital One argues that it never misrepresented that all of Ms. Ali's claims were denied with prejudice, as footnote 2 suggests. Capital One further asserts that footnote 3 is erroneous, because no intentional misrepresentations of law or fact were made in its motion to dismiss the FAC. Finally, Capital One moves to strike two references in the Order on MTD that reference an allegation made in

the original complaint, but was not included in the FAC. The offending allegation refers to the specific amount of money in the account that Capital One allegedly erroneously reported as belonging to Ms. Ali.

Subsequent to the filing of the instant motion, both parties consented to the United States Magistrate Judge for all further proceedings, including dispositive motions and trial. Accordingly, this action was reassigned to the magistrate judge for all further proceedings. Although no longer the assigned judge in this action, the undersigned issues this order, as it addresses the prior order of the undersigned.

## DISCUSSION

Although styled as a "motion to reconsider," and although Capital One asks this Court to "reconsider" the Order on MTD throughout its motion, Capital One sets forth no standards for pre-judgment reconsideration motions. Instead, Capital One relies on Fed. R. Civ. P. 60 for this motion. Even more confusingly, Capital One is unclear as to which section of Fed. R. Civ. P. 60 it relies for its "reconsideration" request. Although Capital One generally sets forth citations for both Fed. R. Civ. P. 60(a) and 60(b), it fails to incorporate this legal authority in its discussion about the offending footnotes and allegations. As with Capital One's motion to dismiss the FAC, this Court is once again required to construe Capital One's confusing legal arguments. In addition, as will be explained below, neither Fed. R. Civ. P 60(a) nor Fed. R. Civ. P. 60(b) is appropriate to grant the relief sought by Capital One.

### Motion Based on Fed. R. Civ. P. 60(a)

Fed. R. Civ. P. 60(a) provides that the "court may correct a clerical mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "A judge may use Rule 60 'to make an order reflect the actual intentions of the court, plus necessary implications.'" *In re Jee*, 799 F.2d 532, 535 (9th Cir. 1986) (quoting *Jones & Guerrero Co. v. Sealift Pac.*, 650 F.2d 1072, 1074 (9th Cir. 1981)). "Errors correctable under Rule 60(a) include those where what is spoken, written or recorded is not what the court intended to speak, write or record." *Jee*, 799 F.2d at 535 (citing *Waggoner v. R. McGray, Inc.*, 743 F.2d 643, 644 (9th Cir. 1984)). The Ninth Circuit has explained:

> The basic distinction between "clerical mistakes" and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of "blunders in execution" whereas the latter consist of instances where the court *changes its mind*, either because it made a legal

> or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987) (emphasis in original).

As to footnotes 2 and 3, this Court cannot grant the relief sought pursuant to Fed. R. Civ. P. 60(a). "A district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision." *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990). Thus, in "deciding whether the district court may alter a judgment pursuant to Rule 60(a), [the] focus is on what the court originally intended to do." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). Here, the Court originally intended to make the statements reflected in footnotes 2 and 3. Based on its review of the motion, its Order on MTD, and the record, this Court is satisfied that footnotes 2 and 3 accurately reflect the intention of the Court at the time the Order on MTD was written. In addition, the footnotes were not part of a judgment of this Court which requires alteration. Accordingly, this Court cannot grant relief pursuant to Fed. R. Civ. P. 60(a).

Although this Court has no intention of setting forth all reasons for its inclusion of footnotes 2 and 3, this Court wishes to clarify that with respect to footnote 2, this Court's statement referred to its reading of Capital One's motion with respect to *both* the FCRA claim and the defamation claim.

With respect to footnote 3, this Court intended to admonish Capital One for misrepresentations of fact and law. Focusing on only one portion of one paragraph of Ms. Ali's FAC, Capital One asserted: "That is the entirety of the factual allegations." Mot, p. 2. This statement was incorrect and misleading, and improperly ignored most of Ms. Ali's allegations in her FAC. This statement misrepresented to this Court that no further allegations existed. Thus, while arguing that Ms. Ali failed to state sufficient facts, Capital One's argument completely ignored relevant factual allegations that were sufficient to the claim. The duty of candor to this Court required counsel to address those allegations. Specifically, Ms. Ali alleged that she "directly notified the CRAs of a dispute concerning the completeness and/or accuracy of the Capital One account as reported to the CRAs. CRAs followed the requirements of the FCRA and gave proper and timely notice of these disputes to Capital One." Amended Complaint, 2:21-22. Despite this notice, Ms. Ali alleged that Capital One failed to investigate. Amended Complaint, 2:6-10, 2:23-25; 3:7-8. Not only did Capital One ignore these allegations, the argument in the motion went further to

1  represent that these allegations did not exist.  Moreover, Capital One's argument appeared to impose a
2  higher standard of review than required in a Fed. R. Civ. P. 12(b)(6) motion, particularly when
3  considering that this Court must construe a complaint by a pro se plaintiff with particular leniency.

4        Because this Court intended for these footnotes to be a lesson to counsel to take seriously their
5  duty of candor to this Court,[1] and because footnotes 2 and 3 accurately reflected the intentions of this
6  Court, this Court cannot amend the order to remove the footnotes pursuant to Fed. R. Civ. P. 60(a).
7  These footnotes were not "blunders in execution" made by this Court.  Capital One argues in this motion
8  that this Court made a mistake, because Capital One did not assert that all causes of action were
9  dismissed with prejudice and that it did not make intentional misrepresentations of fact and law.  In
10  making these arguments, Capital One is asking this Court to change its mind, and to retract these
11  footnotes based on alleged mistakes of fact.  Although this Court finds no mistake of fact, this Court
12  would nevertheless be unable to grant such relief pursuant to Fed. R. Civ. P. 60(a).  This Court cannot
13  correct mistakes of fact through Fed. R. Civ. P. 60(a).  *Waggoner*., 743 F.2d at 644.

14        This Court agrees with Capital One that it erred to include the two references to the dollar
15  amount in its Order on MTD.  Although Ms. Ali specified the dollar amount of the disputed account in
16  her original complaint, this allegation was not included in the operative pleading, the FAC.  This Court
17  erroneously referenced this amount in its Order on MTD twice.  Inclusion was legal error, but not a
18  clerical error.  Accordingly, this Court cannot grant relief pursuant to Fed. R. Civ. P. 60(a).

19        **Motion Based on Fed. R. Civ. P. 60(b)**

20        Although cited in this motion, Fed. R. Civ. P. 60(b) is inapplicable here.  Fed. R. Civ. P. 60(b)
21  is appropriate where this Court's ruling has resulted in the entry of final judgment.  *See School Dist. No.*
22  *1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  This Court's Order on
23  MTD was an interlocutory order.  No final judgment has been entered in this action.  Accordingly, a

---

[1] In its Order on MTD, this Court pointed out that Capital One had misunderstood the meaning of a "Statement of Non-Opposition."  A statement of non-opposition is a statement filed by a party meant to oppose a motion stating that the party does not intend to oppose the motion.  A statement of non-opposition filed by the moving party is misleading, particularly when an overly-burdened Court is scanning the docket.  This filing may also be confusing to future parties, the clerk's office, and others.  The Court pointed out that Capital One erroneously filed a "Statement of Non-Opposition," but explained that the document was actually a notice to the Court that Ms. Ali failed to oppose the motion.  The "Statement of Non-Opposition" is contrary to standard federal civil procedure and practice.  In "reply" to this motion, Capital One filed a "Notice of Non-Opposition," apparently learning from this Court's Order on MTD.

1  motion seeking *relief from judgment* pursuant to Fed. R. Civ. P. 60(b) is inappropriate.

## Motion for Reconsideration

3  Although Capital One sets forth no legal authorities related to a motion for reconsideration, Capital One does characterize this motion as one for reconsideration, as set forth above. Construing this motion liberally and in Capital One's favor, this Court shall consider Capital One's motion pursuant to proper *pre-judgment* reconsideration standards.

7  Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, a "district court has the inhered power to reconsider and modify its interlocutory orders prior to the entry of judgment[.]" *Smith v. Mass.*, 543 U.S. 462, 275 (2005). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972, 104 L.Ed.2d 441 (1989). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*.

19  Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993), *cert. denied*, 512 U.S. 1236 (1994). There may be other highly unusual circumstances warranting reconsideration. *Id*. Denial of reconsideration is reviewed for abuse of discretion. *Id*. at 1262.

25  This Court finds that it committed clear error in including the dollar amount in its Order on MTD. This Court's reference to that allegation, which was not included in the FAC, was error. Accordingly, this Court grants Capital One's motion for reconsideration and amends the order to strike page 1 line 21 ("and owed in excess of $11,000") and page 2 line 6 ("and that she owed in excess of

1  $11,000").

2 As to footnotes 2 and 3, this Court is not convinced by Capital One's arguments that it committed
3  clear error. As explained above, and in reconsidering this Court's Order on MTD, Capital One's original
4  motion, and the arguments set forth in this motion, this Court does not find the highly unusual
5  circumstances required to justify this extraordinary remedy. Accordingly, Capital One's motion for
6  reconsideration is denied to the extent Capital One seeks reconsideration of footnotes 2 and 3.

7 <center>**CONCLUSION AND ORDER**</center>

8 For the reasons discussed above, this Court:

9 1. DENIES Capital One's reconsideration motion with respect to footnotes 2 and 3;

10 2. GRANTS Capital One's reconsideration motion with respect to the erroneous inclusion
11  of the fact not alleged in the FAC;

12 3. STRIKES page 1 line 21 ("and owed in excess of $11,000") and page 2 line 6 ("and that
13  she owed in excess of $11,000"); and

14 4. AMENDS this Court's April 11, 2012 order to reflect that page 1 line 21 and page 2 line
15  6 have been stricken from the order.

22    IT IS SO ORDERED.

23  **Dated:** **May 30, 2012**    /s/ Lawrence J. O'Neill
            UNITED STATES DISTRICT JUDGE